IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID LEE PUTNAM, #155 060, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-833-WHA |
| | ) | [WO] |
| LARRY K. ANDERSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Holman Correctional Facility located in Atmore, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his criminal court proceedings which took place in February 2005 before the Circuit Court for Houston County, Alabama, as well as matters associated with related post-conviction challenges.[1] Plaintiff brings this complaint against the Honorable Larry Anderson, District Attorney Douglas Valeska, Assistant District Attorneys A.R. Medley and David Atwell, Police Officer David Elkins, and Investigator Sean Malloy. He requests trial by jury and seeks to have Defendants answer to his allegation of conspiracy to fraudulently conceal a cause of action in regard to his actual innocence of the crime for which he was convicted.

---

[1] The court takes judicial notice of its own records, which reflect that Plaintiff is currently incarcerated on a 2005 conviction for the unlawful manufacture of a controlled substance in the first degree for which he is serving a sentence, as an habitual offender, of life imprisonment without the possibility of parole. *See Putnam v. Patterson*, Civil Action No. 1:11-CV-965-TMH (M.D. Ala.).

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff files the instant § 1983 complaint challenging matters associated with a 2005 conviction and sentence entered against him by the Circuit Court for Houston County, Alabama. Put broadly, he contends that the drug evidence upon which he was convicted never existed and that Defendants are involved in an ongoing conspiracy to cover up the fact that "no evidence related to a methamphetamine operation w[as] ever discovered by the Dothan Police Department on . . . November 19, 2003," and that he is actually innocent of the crime for which he was convicted. *Doc. No. 1* at 6.

With regard to Plaintiff's desire to challenge his state court conviction and/or the sentence imposed as a result of that judgment, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

or confinement). Further, § 1983 action may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

The core of Plaintiff's claims concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[3] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

---

[3] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

[4] Even if Plaintiff's complaint was properly before the court, his claims against the named defendants would be subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii). *See Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978) (state judge absolutely immune from

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the validity of the 2005 conviction and/or sentence entered against him the Circuit Court for Houston County be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before January 17, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

civil liability for acts taken pursuant to his judicial authority);  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); *Scarbrough v. Myles,* 245 F.3d 1299, 1305 (11th Cir. 2001) ("Police officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury.... As with any witness testifying under oath, the penalty for false testimony is potential prosecution for perjury."); *Enlow v. Tishomingo County, Miss.,* 962 F.2d 501, 511 (5th Cir. 1992) ("Witnesses, including police officers, are also shielded by absolute immunity from liability for their allegedly perjurious testimony."); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th  Cir. 2002) (to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' ")(citation omitted) (brackets in original). *See also Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (Alabama's general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l)).

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE