IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID LEE PUTNAM, #155 060,       )
                                  )
        Plaintiff,                )
                                  )
v.                                )   CIVIL ACTION NO. 1:13-CV-833-WHA
                                  )                [WO]
LARRY K. ANDERSON, *et al.*,      )
                                  )
        Defendants.               )

## ORDER AND SUPPLEMENTAL RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On January 3, 2014, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed an objection to the Recommendation. To the extent that the objection raises additional allegations in support of Plaintiff's complaint, the court will consider the objection as a motion to amend. Accordingly, it is

ORDERED that the objection, to the extent that it may be construed as a motion to amend the complaint (*Doc. No. 8*), is GRANTED. Upon consideration of the allegations presented in the amendment to the complaint, the undersigned finds that such allegations are subject to dismissal for the reasons discussed in the instant supplement to its previous Recommendation.

## I. DISCUSSION

In the January 3, 2014, Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action in accordance with 28 U.S.C.

§ 1915(e)(2)(B)(ii). Specifically, the court found that the core of Plaintiff's claims concerned matters related to the validity and the legality of his current confinement.  Because a § 1983 action may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence without a showing that the challenged conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, the court concluded that the instant complaint is subject to dismissal without prejudice as it is not properly before the court at this time.  *Doc. No. 5*.

In the amendment to the complaint, Plaintiff states that his complaint "does not challenge the very fact or duration of his physical imprisonment." *Doc. No. 8* at 2. Rather, he argues that his complaint asserts a conspiracy claim.  According to Plaintiff, Defendants have conspired to "hinder, thwart, or deny" his ability to "discover exculpatory evidence known all along by the Houston County District Attorney's Office as well as the Dothan Police Department."[1]  *Id.*  Plaintiff's claim against Judge Anderson is that, in an effort to conceal the truth about the non-existence of evidence in Plaintiff's trial, he ordered the Houston County Circuit Clerk not to allow Plaintiff to file a change of address when, at some point in 2012, Plaintiff claims he was temporarily housed at the Houston County Jail away

---

[1]Plaintiff alleges that he learned in October 2013 that the Drug Enforcement Agency did not clean up the scene of the crime and take possession of the evidence discovered by local law enforcement officials who Plaintiff claims then conspired with prosecutors to cover up the fact that no evidence related to a methamphetamine operation was ever actually discovered by officers with  the Dothan Police Department. *See Doc. No. 1*.

from his permanent institutional placement at the Holman Correctional Facility.[2] *Id*. at 4-5. According to Plaintiff, during this temporary stay at the county jail, Judge Anderson dismissed a civil proceeding in which Plaintiff sought discovery of allegedly exculpatory evidence of which Plaintiff failed to receive timely notice since his request to file a notice of change of address with the state court had not been accepted. *Id*. Such conduct, Plaintiff claims, was outside Judge Anderson's lawful jurisdiction. *Id*. at 4.

In an unrelated post-conviction matter, Plaintiff asserts that Defendant Valeska "constructively used the influence of his position" in order to evade responding and/or answering a motion filed by Plaintiff seeking discovery of evidence with regard to his 2005 criminal proceedings. *Id*. at 5-7. In this regard, Plaintiff alleges that Defendant Valeska conspired with Judge Anderson to subvert the prosecutors' duty to disclose exculpatory evidence in his possession by convincing Judge Anderson that Plaintiff had an attorney who could discover such information when such was not the case. *Id*. at *7*. Plaintiff maintains that the actions about which he complains show that prosecutors Valeska, Medley, and Atwell and Judge Anderson essentially formed one common scheme or goal to violate his constitutional rights by conspiring to coverup "exculpatory evidence that there never was any physical evidence located by the Dothan Police on . . . November 19, 2003, supporting the

---

[2]In support of this assertion Plaintiff states he is in possession of a judicial document entitled "Alabama Judicial Date Center - Houston County - Transmittal, CV 2012-00056.00, Larry K. Anderson" which states "[w]e have received your request for change of address. We can only use the address where you are currently located, therefore, we are unable to change the address. . . ." *Doc. No. 8* at 3. The court notes that this notice suggests that an inmate must submit a change of address when his location actually changes and generally may not submit a "pre-emptive" notice of a pending transfer.

State's prosecution of [] Plaintiff. *Id*. at 7-8.   For relief,  Plaintiff requests that Defendants be required to answer to his allegations of conspiracy fraudulently to conceal a cause of action in regard to their withholding of exculpatory evidence of his actual innocence. *Doc. No. 1 at 8.*

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.'" *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555  (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 556)).   Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made.  *Id.* at 556; *see also Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).   In addition to pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008).

The court has carefully reviewed Plaintiff's claim of conspiracy. At best, his assertions are self-serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy by the defendant state actors.  Plaintiff alleges no facts suggesting a conspiracy or an agreement other than contending that Defendants had a common goal, scheme, or purpose  to violate his constitutional rights in regard to post-conviction criminal and civil proceedings before the Houston County Circuit Court, which he claims hampered his ability to obtain discovery information related to who took possession of evidence from the crime scene. Specifically, in legal proceedings filed with the trial court seeking discovery of trial-related evidence, Plaintiff maintains that Defendants Anderson, Valeska, Medley, and Atwell conspired to deny him his First Amendment right to access his judicial proceedings by improperly interfering with his ability to obtain discovery material and to file a timely appeal of a ruling by Judge Anderson in a civil action seeking discovery. In this regard, Plaintiff maintains that Judge Anderson acted not only in agreement with state prosecutors to violate his constitutional rights but also with the Circuit Clerk of Houston County in an effort to deny his request to file a change of address with the state court which was "in furtherance of the conspiracy to thwart, delay, and hinder the Plaintiff from discovering evidence of his actual innocence of the crime of Unlawful Manufacture of a Controlled Substance." *Doc. No. 8* at 5.

Plaintiff's allegations do not allow the court to draw the conclusion that a conspiracy claim is plausible. *Iqbal,* 556 U.S. at 678. *See Fullman v. Graddick,* 739 F.2d 553, 556-57

5

(11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal).  Plaintiff has simply not presented any non-conclusory, non-speculative evidence that Defendants reached an agreement to violate his constitutional rights. *Rowe*, 27 F.3d at 1283-84; *Twombly,* 550 U.S. at 556. "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality .... [the allegations] must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id*. at 557.  The actions described in the instant proceeding and with which Plaintiff takes issue reflect matters typically performed by a judge in his judicial capacity during state court proceedings over which he had jurisdiction and/or by prosecutors in their roles as advocates for the government. Plaintiff's assertions against Defendants in this regard amount to no more than a mere conclusory allegation of conspiracy with an allegation of parallel conduct. *Twombly,* 550 U.S. at 556 –557.  Accordingly, the court concludes that Plaintiff's civil conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. 678; *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

Assuming, *arguendo*, that Plaintiff's complaint, as amended, could be considered to encompass a challenge to the adverse decisions or actions of the state court which have become final in accordance with state law, such a claim is unavailing as this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The

*Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). It is immaterial if the conduct about which Plaintiff complains attempts to depict the instant action as a constitutional challenge to the conduct of Defendants during his post-conviction and/or state civil proceedings as well as to court rulings and decisions, rather than an appeal of said decisions if the legal injury Plaintiff asserts concerns alleged errors by the state court during Plaintiff's state post-conviction and/or civil litigation from which he ultimately seeks relief. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also*

*Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).  Thus, any claim seeking relief from

final orders issued or actions undertaken by the trial court during matters related to Plaintiff's

state court post-conviction and/or civil proceedings is appropriate for dismissal under 28

U.S.C. § 1915(e)(2)(B)(i).[3]  *See Clark v. State of Georgia Pardons and Paroles Board*, 915

F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The January 3, 2014, Recommendation of the Magistrate Judge (*Doc. No. 5*) be

---

[3]The court notes that an attempt to assert in a § 1983 action a procedural due process claim under the Fourteenth Amendment on the ground that a state actor's conduct amounted to unlawful interference with a defendant's ability to gain access to evidence of his actual innocence is generally unavailing. A defendant convicted after a jury trial has a lesser liberty interest because the presumption of innocence is removed.  *See District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009). The remedies available to the convicted, therefore, need not be equivalent to remedies available at trial.  Consequently, a federal court can only intervene in a state's refusal to provide relief where the post-conviction relief available to the convicted "'offends some principal of justice so rooted in the traditions of conscience of our people as to be ranked as fundamental' or 'transgresses any recognized principle of fundamental fairness in operation.' [Citation]." *Id*. at 69 (quoting *Medina v. California*, 505 U.S. 437, 448 (1992)).

While *Osborne* involved DNA evidence not available at the time of trial rather than allegations pertaining to a category of evidence which was available to a defendant at the time of trial, the court nonetheless notes that the availability of a liberty interest in post-conviction evidence depends on the materiality of the evidence. *Osborne,* 557 U.S. at 63. A defendant may not use § 1983 in an effort to obtain additional information from which he could attempt to make a  weightier and/or additional argument not made at trial.  In this regard, an argument that the actions of a state actor amounted to fraudulent concealment of exculpatory evidence of a convicted's innocence means "factual innocence, not the mere legal insufficiency."  *See Bousley v. United States*, 523 U.S. 614, 623 (1998). To be credible, such a claim requires a showing of *new* reliable evidence unavailable and/or undiscoverable at the time of trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). It is not evidence which simply seeks to challenge the strength of the State's evidence, but rather, directly and affirmatively demonstrates that a defendant did not commit the acts encompassing the elements of the crime for which he or she was convicted. Nonetheless, any reliance "on an asserted federal constitutional right to be released upon proof of 'actual innocence,'" is a claim which must be brought in a habeas corpus proceeding.  *Osborne*, 557 U.S. at 72.

ADOPTED and Plaintiff's objections thereto (*Doc. No. 8*) be overruled;

2.  Plaintiff's claims against Defendants in the complaint, as amended (*Doc. No. 8*), be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i); and

3.  The complaint, as amended, be DISMISSED prior to service of process.

It is further

ORDERED that **on or before February 27, 2014**, Plaintiff may file an objection to the Supplemental Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Supplemental Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE